No. 18,752.

FRED SIMON *v.* W. R. LLOYD.
(350 P. [2d] 823)

Decided April 4, 1960.

Mr. C. V. MARMADUKE, for plaintiff in error.

Messrs. HAYNIE, HOTCHKISS & GOLDEN, for defendant in error.

*In Department.*

PER CURIAM.

WE will refer to the parties as they appeared in the

trial court where plaintiff in error was defendant and defendant in error was plaintiff.

The plaintiff filed an action to recover the payment of money, together with a small amount of claimed damages, arising out of a contract made on February 7, 1957, for the purchase of 230 tons of baled alfalfa hay at $30.00 per ton from the defendant. The complaint stated two claims for relief. The first claim alleged a breach of warranty in the sale of the baled hay. The second claim alleged fraud and misrepresentation in the sale. The answer, among other things, alleged that the plaintiff and his employees had inspected and accepted the hay; denied that defendant had represented and warranted that the hay was of "very good quality"; admitted that defendant had told the plaintiff that "in his opinion, the hay was of good quality"; and, alleged that at the time of the sale of said hay it was "in good condition," but that thereafter, due to plaintiff's failure to take and remove said bales from the stacks, seasonably, and due to unprecedented weather the said hay was affected to some extent. Defendant counter-claimed for the unpaid balance of the sales price. Plaintiff filed a reply denying the allegations of the answer, and alleging "that plaintiff agreed to purchase said hay only if said hay was of good quality and condition."

At the trial, the plaintiff presented evidence to show that he had relied upon advertisements placed in "The Daily Sentinel, Grand Junction, Colorado" by the defendant representing "VERY good quality wire-tied baled alfalfa hay" for sale; that plaintiff also relied upon oral representations of good quality made by defendant prior to the time of sale; that defendant would not permit an inspection of the top of the stacks of baled hay which were covered with snow because he did not want them disturbed prior to sale; that the hay was not of good quality at the time of sale and said fact was promptly discovered after purchase by plaintiff only by opening the stack, hauling three loads of hay on Febru-

ary 18th and 21st, breaking open the bales and feeding some of the hay to his livestock; that the hay was wet, musty, rusty, and spoiled. The defendant presented evidence to show that the hay was of good quality; that the unhauled hay remained of good quality one year later at the time of trial; that immediately after the sale on February 7, 1957, the weather turned warm with rain; that the condition of the hay was changed to some extent after the sale as a result of said rains and melting snow on the top of the stacks. It is unnecessary to further recite the conflicting evidence presented to the trial court. The trial court made detailed findings of fact and found favorably for the plaintiff on the first claim of his complaint.

The defendant concedes in his reply brief that "the sole question in this case is whether the first and second cuttings of 1956 hay, sold to the defendant in error (plaintiff), were of good quality on that date." The trial court found that the hay sold to plaintiff was not of good quality on the date of sale and there is sufficient competent evidence to support said finding. The credibility of witnesses, the sufficiency, the probative effect, the weight of the evidence, the inferences and conclusions to be drawn therefrom are all in the province of the trial court. It is elementary that where the findings and judgment of the trial court are supported by sufficient competent evidence, they will not be disturbed.

The judgment is affirmed.

MR. JUSTICE KNAUSS, MR. JUSTICE HALL and MR. JUSTICE DAY concur.